WINFREE, Justice, concurring.
I write separately to (1) elaborate on the distinction between the negligent infliction of emotional distress (NIED) claim requirements that a bystander-plaintiff (a) be physically present at the injury-causing event and (b) contemporaneously recognize that the injury-causing event was the result of someone's tortious conduct; and (2) address the separate concurring opinion's focus on our past rejection of the physical presence requirement.
This matter comes to us on petition for review from the superior court's summary judgment order dismissing Nixola Doan's bystander NIED claim. The superior court's legal rationale was that our existing NIED case law requires a bystander-plaintiff-contemporaneously with the shocking observation *714 of a loved-one's harm-to specifically recognize that a tort brought about that harm. We accepted Doan's unopposed petition for review to consider only that legal ruling. Today's decision correctly concludes that the superior court's interpretation of our existing case law was incorrect. A bystander-plaintiff, even a bystander-plaintiff asserting an underlying medical malpractice claim, does not need to prove a contemporaneous understanding that the loved-one's harm was caused by tortious conduct.
The separate concurring opinion suggests that today's decision expands liability under Alaska's NIED case law, especially in the medical malpractice context. Today's decision does nothing of the kind. Our existing NIED case law never has included, and does not now include, the legal requirement the superior court imposed; our existing NIED case law never has supported (or even suggested), and does not now support, a special carve-out for NIED claims based on underlying medical malpractice torts. Today's decision in no way expands NIED liability; it instead rejects a new legal theory which, if adopted, would limit NIED liability.
The bulk of the separate concurring opinion's discussion relates to a legal issue that was not ruled on by the superior court, was not a subject of our granted petition for review, was not briefed by the parties, and was not considered by this court. The separate concurring opinion questions our existing NIED case law regarding when a bystander must observe a loved-one's harm, and it posits that we should follow the California Supreme Court's Thing v. La Chusa decision by limiting NIED claims to bystanders who actually are present at the harm-causing event.[1] This court rejected that course nearly 30 years ago in Beck v. State, Department of Transportation & Public Facilities .[2] The separate concurring opinion concludes that Beck was erroneously decided and failed "to place sensible limits on NIED claims"-an issue not raised in this petition for review-and that it is only the doctrine of stare decisis that causes joinder in today's decision.
But even if this court had, nearly 30 years ago, decided Beck differently and followed Thing , today's decision-addressing whether a bystander-plaintiff must contemporaneously appreciate that tortious conduct underlies the injury-causing event-would be the same. The facts of Beck and Thing are similar. In Beck a mother drove to the site of her daughter's vehicle accident and then to a hospital where she first saw her daughter's injured body.[3] The mother later sued the state for NIED for failure to maintain road conditions.[4] In Thing a son was struck by a car.[5] Although his mother was nearby, she did not see or hear the accident.[6] The mother became aware of the accident moments later; she rushed to the scene and saw her son lying in the street.[7] The mother subsequently sued the car's driver for NIED.[8] In neither case was the bystander-plaintiff aware, upon first seeing the victim, that the injuries were a result of someone's negligence.
The Thing court reversed precedent and created a new physical-presence requirement for bystander-NIED claims: The plaintiff must be "present at the scene of the injury-producing event at the time it occurs and ... then aware that it is causing injury to the victim."[9] But the Thing court did not require a bystander-plaintiff to understand, when witnessing the victim's injury, that the injury was caused by negligence or other tortious conduct. It was only later, in Bird v. Saenz , that the California Supreme Court further required-in the context of a medical malpractice claim-that a bystander-plaintiff demonstrate contemporaneous awareness of medical negligence in connection with the *715 injury-producing event.[10] In that case plaintiffs sued defendant medical providers for NIED related to healthcare provided to the plaintiffs' mother.[11] Because the rule adopted in Thing required the plaintiff to "be aware of the connection between the injury-producing event and the injury," the Bird court decided that "unperceived medical errors hidden in a course of treatment" could not serve as an injury-producing event for purposes of NIED claims.[12] But the Bird court indicated that some forms of medical malpractice still may support an NIED claim, explaining:
This is not to say that a layperson can never perceive medical negligence, or that one who does perceive it cannot assert a valid claim for NIED. To suggest an extreme example, a layperson who watched as a relative's sound limb was amputated by mistake might well have a valid claim for NIED against the surgeon. Such an accident, and its injury-causing effects, would not lie beyond the plaintiff's understanding awareness. But the same cannot be assumed of medical malpractice generally.[13 ]
Although Bird relied on Thing to create an additional NIED requirement, at least in the medical malpractice context, Thing itself did not require a bystander-plaintiff claiming NIED to be aware of underlying tortious conduct when seeing the injury-producing event.
The doctors in this case understand the distinction between the Thing and Bird holdings. They posit that, notwithstanding Beck 's rejection of Thing 's requirements that the bystander be physically present and observe the injury-causing event, we should follow courts defining "injury-causing event" in the medical malpractice context to mean obviously (to the bystander) negligent medical care. Under this view-which today's decision rejects-the absence of a contemporaneous recognition of negligent medical care is cast as the bystander's failure to recognize that an injury-causing event has occurred.
Adherence to Beck is not at issue in this petition for review. The question raised by the petition for review is whether we should impose a new restriction for NIED claims based on allegations of underlying medical malpractice. I agree with today's decision to reject the proposed restriction; I disagree with the separate concurring opinion that the result is mandated by stare decisis adherence to Beck .

727 P.2d 1038 (Alaska 1986).

737 P.2d 789 (Alaska 1987).

743 P.2d 356 (Alaska 1987).

837 P.2d 105 (Alaska 1992).

Op. at 713.

See AS 09.55.530 -.560.

837 P.2d at 109.

Id .

Id. at 110.

Id .

Id . (citing Dillon v. Legg , 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968) and Thing v. La Chusa , 48 Cal.3d 644, 257 Cal.Rptr. 865, 771 P.2d 814 (1989) ).

Id .

Id .